### BOURGUIGNON vs. BOUDOUSQUIE.

Execution
may issue on
a judgment,
which does
not settle ev-
ery claim of
the parties.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court.   This court directed that the plaintiff should recover the land claimed by him in his petition, and be put in possession of it, and ordered the cause to be remanded for an enquiry into the damages.

On presenting this decree to the district court, the plaintiff prayed to be put in possession, but the judge refused to do so; and to a mandamus calling on him to show cause why he did not, he has answered, " that the cause being sent back to fix the amount of damages,

the judgment of possession is in the nature of an interlocutory one; and altho' the plaintiff has called for two things in his petition, viz: possession and damages, there cannot be but one definitive judgment, which cannot be signed until there is a final judgment on the whole matter sued on."

It is true, as the judge *a quo* has stated, there cannot be a *final* judgment in the cause until all the matters at issue are definitively settled. But where these matters are suscep. tible of division, there is nothing in our law which prevents a court from dividing on one of them, and carrying that into effect where it is manifest that the judgment which remains cannot possibly produce a modification of that first rendered. A claim for land, and damages for detention, (the cause before us,) illustrates the rule as well as any other. The objection set up, on the ground that the party evicted has a right to be paid for his improvements before possession can be delivered, would be entitled to great weight; but we understand that no real plea was filed in the court below: consequently, the rights which might arise under it, are not presented for our decision now.

The rule is therefore made absolute.

*Ripley* and *Conrad* for the plaintiffs—
*Hennen* for the defendant.